**A–JON CONTRACTORS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Gregory DiMARZIO (dec'd), Margaret DiMarzio), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 2006.

Decided Jan. 19, 2007.

Jason D. Herpel, Philadelphia, for petitioner.

William F. Sweeney, Media, for respondent.

BEFORE: COLINS, President Judge[1], SIMPSON, Judge and LEAVITT, Judge.

OPINION BY President Judge COLINS.

A–Jon Contractors (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming a Workers' Compensation Judge's (WCJ) decision on remand, reaffirming the WCJ's prior decision granting the Fatal Claim Petition of Margaret DiMarzio (Claimant), awarding workers' compensation benefits to Claimant's children. We affirm the Board.

Claimant's Fatal Claim Petition, filed in October, 2000, alleged that Gregory DiMarzio (Decedent) was struck and killed by a truck during the course and scope of his employment with Employer. Claimant alleged that she was Decedent's common law spouse[2] and that her two children were eligible dependents because Decedent stood in loco parentis to them.

Claimant also sought penalties for Employer's unreasonable failure to pay benefits.

In June, 2002, the WCJ granted the Fatal Claim Petition, after concluding that Claimant sustained her burden of proving that she was Decedent's common law wife at the time of his death, that her children were minor dependents residing in Decedent's household, dependent upon him for support, and that Decedent stood in the status of in loco parentis to them. Both parties appealed this decision to the Board. In its decision of June 25, 2004, the Board affirmed the WCJ's determination with regard to the children, but reversed the WCJ's determination that Claimant was Decedent's common law wife; the Board determined that Claimant was incapable of entering into a common law marriage because she was not yet legally divorced from her husband at the time of her alleged marriage. The Board remanded to the WCJ for a determination with regard to Claimant's request for penalties because the WCJ failed to address this issue.

Employer filed a petition for review of the Board's decision with this Court; the petition was dismissed in August, 2004 because the order was not a final, appealable order and not an interlocutory order appealable as of right. On remand, the WCJ denied Claimant's request for penalties, and reaffirmed his prior decision as

---

1. This case was assigned to the opinion writer prior to the date when President Judge Colins completed his tenure as president judge.

2. The doctrine of common law marriage in Pennsylvania was abolished by the Court, with a purely prospective application, in *PNC Bank Corporation v. Workers' Compensation Appeal Board (Stamos)*, 831 A.2d 1269 (Pa. Cmwlth.2003). Common law marriages contracted after January 1, 2005 were rendered invalid by the Pennsylvania Legislature in 2005. Section 1103 of the Domestic Relations Code, 23 Pa.C.S. § 1103. In this matter, the Board properly reversed the WCJ's determination that Claimant was Decedent's common law wife, finding that Claimant was incapable of entering into a common law marriage because she was not yet legally divorced from her husband at the time of the alleged marriage. Therefore, we are not comfortable with the use of the terms 'common law spouse,' 'common law wife,' and 'common law marriage' in relating the history of this matter.

amended by the Board. Employer again appealed to the Board, contending that the WCJ erred by reaffirming his prior determination that Decedent stood *in loco parentis* to Claimant's children because this determination was not supported by substantial, competent evidence. The Board reaffirmed its prior opinion, noting that it had previously addressed this argument, and concluded that the WCJ did not err; the Board further stated that on remand, the WCJ rendered no new findings or determinations on this issue, nor did Employer raise any new points in favor of its argument in its appeal. This appeal ensued.[3]

■ On appeal, Employer argues that there is no evidence of record that Decedent considered himself to have any dependents, took any steps to adopt the children, or assumed the role of father; conversely, Employer cites evidence of record that the biological father of the children visited them on a weekly basis and, through his employment, maintained health insurance coverage for them.

Claimant and her children lived with Decedent for ten years. Claimant testified that she and Decedent shared all household expenses, including rent, food, electric, gas, and the children's clothing expenses. (Notes of Testimony, December 7, 2000, p. 14.) She stated that other than the health insurance provided to the children through the biological father's employment, the biological father provided no financial support, and that Decedent not only took responsibility for the financial support of the children, but also "played the role of their father." (N.T., p. 18.)

Decedent was involved in the education of both children, making sure that they attended counseling sessions, and helping with their homework. Decedent made sure that Claimant's son's car was maintained properly, and drove Claimant's daughter wherever she wanted to go. (N.T., pp. 20–21.)

Both Claimant's daughter and son testified that although they called their biological father "Dad," and the Decedent "Greg," among their friends they referred to Decedent as their Dad. Claimant's daughter testified that Decedent accompanied her to therapy, took her on shopping trips, gave her money when she needed it, and took her on vacations. (N.T., pp. 49–52.) Claimant's son testified that Decedent introduced him to fishing, hunting, and skiing, helped him with his homework, and taught him about cars, and how to paint. (N.T., p. 61.)

■ Section 307 of the Workers' Compensation Act[4] (Act) provides that a child is eligible for death benefits if such child: "is under the age of eighteen....If members of decedent's household at the time of his death, the terms 'child' and 'children' shall include step-children, adopted children and children to whom he stood in loco parentis, and children of the deceased...." 77 P.S. § 562. The Decedent will be considered to stand *in loco parentis* to the children only if the children can prove that they were members of the decedent's household and actual dependents. *Hertz Corp. v. Workers' Compensation Appeal Board (Johnson)*, 724 A.2d 395, 397 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 559 Pa. 696, 739

---

**3.** Our standard of review is limited to determining whether constitutional rights were violated or errors of law were committed and whether the findings of fact were supported by substantial, competent evidence. *Bachman Company v. Workmen's Compensation*

*Appeal Board (Spence)*, 683 A.2d 1305 (Pa. Cmwlth.1996).

**4.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 562.

A.2d 1060 (1999). One must intend to function as the child's parent and assume all daily responsibilities commensurate with such a position. Id. Courts evaluate the facts of each case in order to determine whether a decedent stands *in loco parentis* to a child. *Johns v. Workers' Compensation Appeal Board (Balmer Bros. Concrete Works)*, 877 A.2d 525 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 586 Pa. 731, 890 A.2d 1061 (2005).

In *Johns*, this Court considered a situation factually similar to the case *sub judice;* the decedent lived in the same home with the children, provided financial support, assisted with homework, attended school and extracurricular activities, and engaged in multiple activities with the children both as a family, and individually. In both cases, the biological father of the children provided them with health insurance. Both decedents indicated on employment forms that they were "single" and had no dependents. However, the Court in *Johns* found, "when compared to all of the parenting duties which Decedent undertook for the children, this evidence is not enough to tip the scale in favor of Employer." *Id.*

This Court has consistently reaffirmed that where the Board takes no additional evidence, the WCJ is the final arbiter of credibility and the weight to be accorded evidence. *Vols v. Workmen's Compensation Appeal Board (Alperin, Inc.)*, 161 Pa. Cmwlth. 497, 637 A.2d 711 (1994). After having reviewed the record in this case, we conclude that the Board did not err in concluding that substantial evidence supports the WCJ's determination that Decedent stood *in loco parentis* to Claimant's children. Accordingly, the Board's order is affirmed.

## ORDER

AND NOW, this 19th day of January 2007, the order of the Workers' Compensation Appeal Board entered in the above-captioned matter on July 6, 2006 is AFFIRMED.